IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Antonio Rodriguez,                                    Case No. 1:14 CV 502

                          Petitioner,                 MEMORANDUM OPINION
                                                      AND ORDER

            -vs-
                                                      JUDGE JACK ZOUHARY
State of Ohio,

                          Respondent.


### INTRODUCTION

*Pro se* Petitioner Antonio Rodriguez brings this Petition for a Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254.  Petitioner challenges his September 2000 conviction for felonious assault, for which he was given a two-year prison sentence.  As grounds for the Petition, he asserts the Supreme Court of Ohio denied relief based on an erroneous conclusion that his 2013 appeal to that court was untimely.  For the reasons below, the Petition is dismissed.

### ANALYSIS

A federal court may entertain a habeas petition filed by a person in state custody only on the ground his custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  If so, the petition must be dismissed.  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district courts have a duty to "screen out" petitions lacking merit on their face).  Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings

are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is jurisdictional. *See Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001). Whether a habeas petitioner is "in custody" is determined at the time the petition is filed. *Lawrence v. 48th Dist. Court*, 560 F.3d 475, 479 (6th Cir. 2009).

Petitioner completed his September 2000 two-year custody sentence long before the March 6, 2014 filing of this case. (Although it appears from the docket that Petitioner is now in federal custody.) Further, he is not under supervision of the Ohio Adult Parole Authority because of the conviction. *See State v. Rodriguez*, 2012 WL 3039949, at *2 (Ohio Ct. App. 2012). This Court therefore lacks jurisdiction, and the Petition must be dismissed.

### CONCLUSION

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing 2254 Cases. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Federal Appellate Rule 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

    *s/ Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 16, 2014

2